FILED
NOV 18 2015
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 1:15cr512-MHT |
| v. ) | |
| ) | [18 USC 2261(A)(2)(B); |
| WILLIAM BRIAN JAMES ) | 18 USC 22262(a)(1); |
| ) | 18 USC 2119; |
| ) | 18 USC 924(c)(1)(A)(ii)] |
| ) | |
| ) | **INDICTMENT** |

The Grand Jury charges:

## COUNT 1

From an unknown date until on or about May 21, 2015, in Houston County, Alabama, within the Middle District of Alabama, and elsewhere, the defendant,

WILLIAM BRIAN JAMES,

with the intent to injure, harass, and cause substantial emotional distress to "J. J.", a person, used facilities of interstate or foreign commerce, including electronic mail and internet websites, to engage in a course of conduct that caused substantial emotional distress to the victim, in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT 2

From on or about April 13, 2015, in Houston County, within the Middle District of Alabama, and elsewhere, and continuing until on or about May 21, 2015, the defendant,

WILLIAM BRIAN JAMES,

who was then subject to a court order which restrained him from harassing, stalking, or threatening an intimate partner, or engaging in other conduct that would place an intimate partner

in reasonable fear of bodily injury to the partner; and which included a finding that he represented a credible threat to the physical safety of such intimate partner; and by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury; knowingly travelled in interstate and foreign commerce and within the special maritime and territorial jurisdiction of the United States with the intent to engage in conduct that violated the portion of the protection order that prohibited and provided protection against violence, threats, or harassment against, contact or communication with, or physical proximity to, another person, or that would violate such a portion of a protection order in the jurisdiction in which the order was issued; and that the defendant thereafter engaged in such conduct, that violated the protection order, to-wit: the defendant did threaten the victim, "J. J."; and, did assault "J. J." by use of a deadly weapon or dangerous instrument, in violation of Title 18, United States Code, Section 2262(a)(1).

## COUNT 3

On or about May 20, 2015, in Houston County, within the Middle District of Alabama, the defendant,

### WILLIAM BRIAN JAMES,

took a motor vehicle, to-wit: a Hyundai, a better description of which is unknown to the Grand Jury, that had been transported, shipped, and received in interstate commerce from and in the presence of "J. J." by force, violence, and intimidation, with the intent to cause death and serious bodily harm, in violation of Title 18, United States Code, Section 2119.

## COUNT 4

On or about May 20, 2015, in Houston County, within the Middle District of Alabama,

the defendant,

## WILLIAM BRIAN JAMES,

did knowingly brandish, carry, and use a firearm during and in relation to, and in furtherance of, a crime of violence for which he may be prosecuted in a Court of the United States, to wit: Carjacking, in violation of 18 USC 2219, as charged in Count 3 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## FORFEITURE ALLEGATION

A.  The allegations contained in Count 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B.  Upon conviction of the offenses in violation of Title 18, United States Code, Section 924(c)(1)(A) set forth in Count 4 of this Indictment, the defendant,

## WILLIAM BRIAN JAMES,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 18, United States Code, Section 924(c)(1)(A). The property includes, but is not limited to, the following:

(1) a Beretta, .380 caliber semi-automatic pistol;
(2) a Ruger, model M77 Mark II, .243 caliber bolt action rifle;
(3) a Ruger, model Target Ranch Rifle, .223 caliber semi-automatic rifle;
(4) a Remington, model 870, 20 gauge pump action shotgun; and,
(5) live ammunition.

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

_____
SUSAN R. REDMOND
Assistant United States Attorney

_____
KEVIN P. DAVIDSON
Assistant United States Attorney

4