IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:15cr512-MHT |
| | ) | (WO) |
| WILLIAM BRIAN JAMES | ) | |

OPINION AND ORDER

Defendant William Brian James has been charged, as relevant here, pursuant to 18 U.S.C. § 2262(a)(1) with interstate violation of an Alabama protection order. This case is now before the court on defendant James's motion for a pretrial determination regarding his contention that the protection order underlying this charge cannot support a conviction because it was issued by a process that fails to comply with constitutional due process requirements, and because it would not be entitled to full faith and credit in another jurisdiction. The court holds that a protection order underlying a § 2262(a)(1) prosecution is not subject to collateral attack on constitutional grounds and that a protection order can support a

conviction under this provision even when it would not be entitled to full faith and credit.

## I. BACKGROUND

As a magistrate judge previously found in a related case involving the same protection order at issue here,[1] the order was entered ex parte by an Alabama state-court judge.  James was served with the ex parte protection order while still present in Alabama.  By the time he received notice of a hearing, however, he had reported to an off-shore work assignment from which it was not feasible to return in time to attend.  The hearing was conducted in James's absence but in the presence of his counsel; the state-court judge extended the ex parte protection order he had previously entered, rather than entering a new order, and

---

    1. The facts recounted in this section are as described by the magistrate judge.  See Report and Recommendation, United States v. James, 1:15-cr-237, 2015 WL 6848050, at *3-*4 (M.D. Ala. Oct. 5, 2015) (Moorer, M.J.), as adopted, 2015 WL 6870098 (Nov. 6, 2015) (Watkins, J.).

transferred the matter to domestic court, consolidating it for further adjudication with a pending divorce petition. Thus, the ex parte order that had been issued before the hearing remained operative afterwards--namely, at the time James allegedly violated it.

## II.  ANALYSIS

James initially moved for a determination that the validity of the underlying protection order is an element of the offense that the government must prove to a jury beyond a reasonable doubt at trial. However, in light of the contrary conclusion of the only court of appeals to reach the issue, see United States v. Casciano, 124 F.3d 106, 111 (2d Cir. 1997), he has since conceded that the validity of the protection order at issue here is for the court to decide.

James continues to argue, though, that the protection order involved here cannot support a conviction under 18 U.S.C. § 2262(a)(1) because the

process by which it was issued did not meet federal constitutional due process requirements, and because the order would not be entitled to full faith and credit in another jurisdiction. The government, for its part, contends that a protection order underlying a § 2262(a)(1) prosecution need only be valid in the sense that it must be enforceable under the laws of the State in which it was issued.[2]  For the reasons that follow, the court agrees with the government.

## A.  Constitutional Due Process

James primarily argues that because the protection order he allegedly crossed state lines to violate was issued ex parte, and because he did not have a meaningful opportunity to contest it in court (because he was off-shore by the time he received notice of the

---

2. James does not appear to contend that the protection order was invalid under the law of Alabama, and the court has seen no evidence to that effect. Indeed, the magistrate judge found, in dismissing the firearms charge, that James was served with the ex parte order.

4

hearing), it would violate his federal constitutional due process rights to allow the protection order to form the predicate to a conviction.[3]

The Supreme Court has upheld federal criminal statutes which penalize activity by persons subject to underlying criminal convictions "despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." Lewis v. United States, 445 U.S. 55, 65 (1980).  In Lewis, a defendant challenged his conviction for being a felon in possession of a firearm on the ground that he had not been represented by counsel when he was convicted of the underlying felony; he argued that permitting his uncounseled state conviction to form the predicate for

---

3. James appears to contend that the due process protections afforded by the Constitution are coextensive with the procedural protections provided by 18 U.S.C. § 922(g)(8)(A).  Because the process by which the protection order was issued need not have provided James with either the protections of the Constitution's due process guarantee or the protections outlined in § 922(g)(8)(A) in order for this prosecution to proceed, the court need not determine whether they are one and the same.

a federal prosecution violated his Fifth and Sixth Amendment Rights.  Id. at 57-58.  The Court upheld the conviction, explaining that it was constitutional for Congress to conclude that "any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit possession of a firearm[,]" id. at 66, and observing that "[t]he federal gun laws ... focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons[,]" id. at 67.  According to Lewis, then, whether a predicate offense--or by extension, criminal or civil court order--is subject to collateral attack during a subsequent criminal prosecution is merely a question of legislative intent.  See id. at 60-65; see also United States v. Bailey, 115 F.3d 1222, 1232 (5th Cir. 1997) (construing the Child Support Recovery Act, 18 U.S.C. § 228, which makes it a federal crime to "willfully fail[] to pay a past due support obligation with respect to a child who resides in another state," as

6

not "allowing the federal court to look beyond the four corners of the state child support order or permitting the defendant to collaterally attack the state court order in federal court[,]" simply because "there is no language in the [Act]" to that effect).

Here, Congress's intent is clear from the plain text of the statute: 18 U.S.C. § 2266(5) states that "[t]he term 'protection order' includes any injunction, restraining order, or any other order issued by a civil or criminal court for the purpose of preventing violent or threatening acts or harassment against, sexual violence, or contact or communication with or physical proximity to, another person, including any temporary or final order issued by a civil or criminal court whether obtained by filing an independent action or as a pendent lite order in another proceeding so long as any civil or criminal order was issued in response to a complaint, petition, or motion filed by or on behalf of a person seeking protection[.]"  The ex parte order

7

issued by the state court in this case clearly falls within the broad scope of this term.

Moreover, the contrast between this statutory provision and 18 U.S.C. § 922(g)(8)--pursuant to which James was charged for possessing a firearm while being subject to the protection order--is itself instructive. The § 922(g)(8) charge against James was dismissed on the recommendation of the magistrate judge, based on his finding that this protection order was not--as § 922(g)(8)(A) requires--"issued after a hearing of which [the defendant] received actual notice, and at which [he] had an opportunity to participate."  See Report and Recommendation, United States v. James, 1:15-cr-237, 2015 WL 6848050 (M.D. Ala. Oct. 5, 2015) (Moorer, M.J.), as adopted, 2015 WL 6870098 (Nov. 6, 2015) (Watkins, J.).  But no such express hearing requirement exists in 18 U.S.C. § 2262(a)(1).

Both 18 U.S.C. § 922(g)(8) and § 2262 were enacted together, in the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat.

8

1796 (1994). See id. § 40221(a), 108 Stat at 1926 (codified at 18 U.S.C. § 2262); § 110401(c), 108 Stat. at 2014-15 (codified at 18 U.S.C. § 922(g)(8)). Congress's explicit incorporation of due process protections into the firearm-possession provision and simultaneous omission of any such protections from the interstate-violation provision suggests that this omission was intentional.

Finally, the court notes that although the Second Circuit previously assumed without deciding that 18 U.S.C. § 2262(a)(1) "requires the existence of a valid underlying protection order," Casciano, 124 F.3d at 110, and apparently understood validity to entail compliance with due process requirements, id. at 112-14, this assumption (not a holding) was founded on the presence of the qualifier "valid" in the other subsection of § 2262(a).[4]  Since Casciano was decided,

---

  4. Casciano at 110 ("Subsection (2) of the same section provides that a person 'who causes a spouse or intimate partner to cross a State line ... by force, (continued...)

Congress amended the statute;[5] the word "valid" appears nowhere in the provision currently in force. It is hard to glean legislative intent from the omission of a single word (especially amidst other revisions), but this alteration certainly eliminates any persuasive value the Casciano court's assumption might have had.

## B.  Full Faith and Credit

At the hearing on this motion, defense counsel put forth another argument, sounding in equal protection: that James, a defendant charged with crossing into

---

coercion, duress, or fraud' and thereafter engages in conduct 'in violation of a valid protection order issued by a State' also commits a crime. (emphasis added). Oddly, the word 'valid,' which appears in subsection (2), does not appear in subsection (1), the statutory provision involved in this case. Nevertheless, despite this omission, we assume without deciding that subsection (1) also requires the existence of a valid underlying protection order.").

5. The version of § 2262(a)(1) in force at the time Casciano was decided was the one Congress enacted in the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110401, 108 Stat. 1796 (1994).

Alabama in order to violate therein a protection order issued in that <u>same</u> State, is being treated less favorably than a similar defendant charged with crossing into Alabama in order to violate therein a protection order issued in a <u>different</u> State (such as, for purposes of explication, Georgia).

This argument, however, is founded on James's erroneous belief that, although his same-state protection order needs to be valid only under the laws of the issuing State in order to support a conviction, this second hypothetical defendant could be convicted of entering Alabama in order to violate a Georgia protection order only if that order was entitled to full faith and credit under 18 U.S.C. § 2265.[6]

---

6. This provision states that a protection order "shall be accorded full faith and credit by the court of another State," § 2265(a), "if ... reasonable notice and an opportunity to be heard is given to the person against whom the order is sought sufficient to protect that person's right to due process[,]"and further states that, "[i]n the case of ex parte orders, notice and opportunity to be heard must be provided within the time required by State ... law, and in any event within (continued...)

The plain text of the provision under which James has been charged makes clear that this is not so, and that the same standard applies in both of these cases: the protection order needs only to be enforceable under the laws of the state that issued it. Section 2262(a)(1) criminalizes the crossing of state lines "with the intent to engage in," and subsequent engagement in, "conduct [A] that violates ... a protection order ... or [B] <u>that would violate such a ... protection order in the jurisdiction in which the order was issued</u>." (Emphasis added.)

James's reading would render the second clause superfluous. If a Georgia protection order is entitled to full faith and credit in Alabama, any conduct that falls within the second clause--that would violate the order if it occurred in Georgia--also necessarily falls

---

a reasonable time after the order is issued, sufficient to protect the respondent's due process rights[,]" § 2265(b)(2). The court need not, and does not, decide whether the protection order at issue here would be entitled to full faith and credit.

within the first clause, because it violates the order directly when it occurs in Alabama.[7] The second clause has independent effect only if, contrary to James's assertion, § 2262(a)(1) criminalizes conduct in Alabama that does <u>not</u> violate a Georgia protection order (because the order is not entitled to full faith and

---

7. Another court--seemingly the only one to address this issue--has reached the same conclusion with respect to a formerly-in-force version of 18 U.S.C. § 2262(a)(1); as relevant here, the text of the old version of the provision was nearly identical. <u>See United States v. Von Foelkel</u>, 1997 WL 67795, at *2 (N.D.N.Y. Feb. 10, 1997) (Pooler, J.) ("[F]or purposes of this crime, it is irrelevant whether the Florida order is valid in New York. In order to be found guilty of a violation of 18 U.S.C. § 2262(a)(1)(A), the defendant must have engaged in conduct that '(i) violates ... a protection order ...; or (ii) <u>would violate subparagraph (A) if the conduct occurred in the jurisdiction in which the order was issued</u>....' 18 U.S.C. § 2262(a)(1)(A) (emphasis added). Section 2262(a)(1)(A) negates the need to apply a full faith and credit analysis because it allows the court to determine the validity of the protection order by the standards of the state issuing the court order. <u>See United States v. Casciano</u>, 927 F. Supp. 54, 58-59 (N.D.N.Y. 1996) (Munson, J.). The protection order in this case need only be valid in Florida to support Von Foelkel's conviction.").

credit), but which would violate the order if it occurred in Georgia.

* * *

Accordingly, it is ORDERED that defendant William Brian James's motion for pretrial determination (doc. no. 30) is granted in part and denied in part as set out above.

DONE, this the 18th day of February, 2016.

                                                /s/ Myron H. Thompson
                                          **UNITED STATES DISTRICT JUDGE**